IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| SAMUEL SAN MIGUEL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 5:20-CV-041-BQ |
| v. | § | |
| | § | |
| JOHN COCHRAN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is pro se Plaintiff Samuel San Miguel's Complaint (ECF No. 1-3, at 13–31)[1] and "Motion (Request) for Entry of Default Judgment" as to Defendants Texas Tech University Health Sciences Center (Texas Tech) and Taylor Caldwell. ECF No. 7. For the reasons stated herein, the undersigned United States Magistrate Judge recommends that the United States District Court **DENY** San Miguel's Motion for Default Judgment as to both Defendants, and **DISMISS WITHOUT PREJUDICE** San Miguel's claims against Texas Tech.

**I.    Procedural History**

Plaintiff San Miguel initially filed this action under 42 U.S.C. § 1983 in state court alleging violations of his constitutional rights by Defendants Texas Tech, Marsha McLane, Michael Searcy, Racheal Kingston, Chris Salinas, John Cochran, Cynthia Jumper, Taylor Caldwell, Joanne Castro, Cortney Bearden, and Debra Keesee. Defendant John Cochran removed this case under 28 U.S.C. §§ 1331 and 1441(a) (civil action over which a federal district court would have original jurisdiction, i.e., federal question jurisdiction) from the 154th Judicial District Court of Lamb

---

[1] Defendant John Cochran removed this case from state court. As such, San Miguel's Complaint is attached to Defendant Cochran's Notice of Removal as Exhibit A.3. *See* ECF No. 1-3. Page citations to San Miguel's Complaint refer to the electronic page number assigned by the Court's electronic filing system.

1

County, Texas, to this Court on February 21, 2020, with the consent of Defendants McLane, Searcy, Kingston, Salinas, Castro, and Keese.[2] ECF No. 1, at 2–3. The United States District Judge subsequently transferred this case to the undersigned United States Magistrate Judge for further proceedings. ECF No. 4. On March 3, 2020, Defendant Caldwell filed her Motion to Dismiss.[3] ECF No. 6. One day later, San Miguel filed his motion seeking entry of default judgment against Defendants Caldwell and Texas Tech. ECF No. 7. On March 24, the Court ordered San Miguel to demonstrate that he properly served Texas Tech with process through Rebecca Ramirez. ECF No. 10. San Miguel later conceded that Ramirez was not an agent authorized to accept service on Texas Tech's behalf. ECF No. 12, at 2. San Miguel also agreed that Texas Tech is not a "person" under 42 U.S.C. § 1983. *Id.* Not all parties have consented to proceed before the undersigned magistrate judge. In accordance with the order of transfer, the undersigned makes the following Report and Recommendation to the United States District Judge.

## II. Discussion

### A. San Miguel's Motion for Default Judgment Should Be Denied

As a rule, default judgments are "generally disfavored in the law" and "should not be granted on the claim, without more, that the defendant ha[s] failed to meet a procedural time requirement." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (internal quotation marks omitted). "[A] 'party is not entitled to a default judgment as a matter of right, even where the

---

[2] At the time of removal, San Miguel had not served Texas Tech, Cynthia Jumper, or Cortney Bearden, and Taylor Caldwell had not yet filed a responsive pleading. The removal was procedurally defective because Defendant Caldwell, who had been properly served, did not consent to the removal. *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."). That defect is of no consequence, however, because San Miguel did not file a motion to remand within thirty days of the Notice of Removal. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."); *see also Honey Holdings I, Ltd. v. Alfred L. Wolff, Inc.*, 81 F. Supp. 3d 543, 554 (S.D. Tex. 2015) (citing 28 U.S.C. § 1447(c)).

[3] Of even date herewith the undersigned has submitted a separate Report and Recommendation to the United States District Judge recommending that Defendant Caldwell's 12(b)(6) motion to dismiss be granted.

defendant is technically in default.'" *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). The necessary weighing of competing policy interests, one favoring resolution of cases on their merits and the other favoring social goals and expediency, is "largely within the domain of the trial judge's discretion." *Sindhi v. Raina*, 905 F.3d 327, 331 (5th Cir. 2018) (internal quotation marks omitted).

> Relevant factors include whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Defendant Caldwell was initially served with process on January 28, 2020. ECF No. 1, at 1; ECF No. 1-3, at 130. As such, Defendant Caldwell's responsive pleading was initially due in the state court action February 24, 2020. *See* Tex. R. Civ. P. 99(c) (answer due by 10:00 a.m. on the first Monday after the expiration of twenty days from service). Defendant Cochran, however, filed his Notice of Removal on February 21, 2020, prior to Defendant Caldwell's answer date. ECF No. 1. Because twenty-one days following service upon Defendant Caldwell had already expired at the time of removal, Defendant Caldwell had seven days after the removal date in which to file a responsive pleading. *See* Fed. R. Civ. P. 81(c)(2)(C) (providing that an answer must be filed within seven days of an action's removal unless the rules provide a longer deadline); *G & C Land v. Farmland Mgmt. Servs.*, Civil Action No. 5:12-CV-134-C, 2012 WL 12863112, at *1 n.1 (N.D. Tex. Oct. 12, 2012) (noting that Defendant's answer filed within seven day period after removal to federal court would have been timely but for default judgment entered prior to removal). Defendant Caldwell's responsive pleading was therefore due in this Court on February

3

28, 2020. Ultimately, Defendant Caldwell filed her Motion to Dismiss on March 2, 2020, one day after the deadline.[4]

Though Defendant Caldwell did not timely file her motion to dismiss, the undersigned does not find that the relevant factors weigh in favor of granting default judgment to San Miguel. As demonstrated by Defendant Caldwell's motion, she clearly disputes San Miguel's allegations and asserts cognizable grounds for denying relief. Moreover, San Miguel has not clearly demonstrated the grounds for default, and imposing a default judgment approaching $400,000 against Defendant Caldwell, under these circumstances, would be extraordinarily harsh, particularly where her motion was filed one day late and before the request for entry of default was filed. *See Impala African Safaris, LLC v. Dall. Safari Club, Inc.*, Civil Action No. 3:13-CV-2175-G, 2013 WL 6231413, at *3 (N.D. Tex. Dec. 2, 2013) (quoting *Rolle v. Law Office of Samuel Streeter, PLLC*, No. CIV 08-274-TUC-CJK, 2010 WL 729022, at *6 (D. Ariz. Mar. 2, 2010)) (citing *Lott v. Indian Harbor Marine, Inc.*, No. 96-2480, 1997 WL 325368, at *1 (E.D. La. June 11, 2997)) (adopting recommendation to deny motion for default judgment and noting that "substantial amount of damages involved weigh[ed] against entry of a default judgment" because it would render default judgment "especially harsh"). San Miguel has similarly failed to establish any prejudice by virtue of the Motion to Dismiss being filed one day late. *See Lacy* 227 F.3d at 293 ("[M]ere delay does not alone constitute prejudice.").

Equally important is the fact San Miguel has not followed the proper procedural mechanism for obtaining default judgment. Specifically, San Miguel did not seek entry of default

---

[4] While March 2 is actually three days removed from February 28 (counting leap day), February 28 was a Friday. Because Saturdays and Sundays cannot qualify as the last day of the period for computing the time within which a party must answer (*see* Fed. R. Civ. P. 6(a)(1)(C)), the Court believes Monday March 2 would constitute only one more "day" for calculating Caldwell's tardiness. Under either scenario, however, the delay is not legally significant.

by the Clerk[5] prior to filing his motion for default judgment. *See* ECF No. 7 (seeking entry of default judgment); *see also Ocwen Loan Servicing, LLC v. Kingman Holdings, LLC*, No. 3:18-cv-1197-S, 2018 WL 7150247, at *2 (N.D. Tex. Dec. 14, 2018) (noting that entry of default by the Clerk is a necessary step in the process of obtaining default judgment), *R. & R. adopted by* 2019 WL 399900 (N.D. Tex. Jan. 31, 2019). Thus, the Court should deny San Miguel's motion as to Defendant Caldwell. With respect to Texas Tech, the undersigned recommends denying San Miguel's motion because, as San Miguel concedes, Texas Tech has not been properly served with process in this matter. *See* ECF No. 12, at 2 (admitting that Rebecca Ramirez is not an agent authorized to accept service on Texas Tech's behalf). As such, the undersigned recommends that the United States District Court deny San Miguel's "Motion (Request) for Entry of Default Judgment." ECF No. 7.

### B. San Miguel's Claims Against Texas Tech Should Be Dismissed for Failure to Prosecute

A court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997); *Rogers v. Kroger Co.*, 669 F.2d 317, 319–20 (5th Cir. 1982) (noting that courts may dismiss sua sponte for failure to prosecute without notice to the parties). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. 626).

The Federal Rules of Civil Procedure give a plaintiff ninety days to serve a defendant with a Complaint after it is filed. Fed. R. Civ. P. 4(m). If the plaintiff does not serve the defendant

---

[5] San Miguel's motion only references Rule 55(b), i.e., the provision authorizing entry of default judgment. The undersigned finds nothing in the record where San Miguel submitted a request to the Clerk under Rule 55(a), supported by affidavit or some other means, asking for entry of default.

within the time frame, the court may dismiss the action without prejudice against the unserved defendant. *Id.* The undersigned notes that such dismissals should follow notice to plaintiff of the possibility of dismissal. *Id.* The undersigned believes, however, that dismissal is appropriate without notice in this case for two reasons.

First, San Miguel concedes not only that Texas Tech has not been properly served—and has made no further attempt to properly serve Texas Tech while requesting that the Court order service upon other Defendants (ECF Nos. 12, 14)—but also admits that Texas Tech is not a person under § 1983 and that no claim may proceed against it. ECF No. 12, at 2; *see also* ECF No. 11 (stating that San Miguel wrongly believed Texas Tech was liable under a *Monell* theory and noting that he seeks damages against other Defendants in their individual capacities and injunctive relief in their official capacities). Under the circumstances, the undersigned interprets San Miguel's actions and admissions to mean that San Miguel no longer wishes to pursue his claims against Texas Tech seeking either monetary damages or injunctive relief. As such, dismissal of the claims for failure to prosecute is appropriate.

Second, dismissal of San Miguel's claims would be appropriate even if he did wish to pursue his claims against Texas Tech and had properly served it with process. San Miguel's Complaint seeks both money damages and injunctive relief against Texas Tech. ECF No. 1-3, at 29–31. The Fifth Circuit has held that Texas Tech University and Texas Tech University Health Sciences Center possess sovereign immunity under the Eleventh Amendment. *United States v. Tex. Tech Univ.*, 171 F.3d 279, 289 n.14 (5th Cir. 1999) ("The Eleventh Amendment cloaks Texas Tech University and Texas Tech Health Sciences Center with sovereign immunity as state institutions."). "The Eleventh Amendment bars suit against a state entity . . . regardless of whether money damages or injunctive relief is sought." *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d

183, 186 (5th Cir. 1986) (citing *Cory v. White*, 457 U.S. 85, 90–91 (1982)). As such, San Miguel's claims against Texas Tech are barred by Eleventh Amendment sovereign immunity regardless of the relief he seeks and dismissal of his claims would be appropriate on that basis. *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) ("As an instrumentality of the state, the TDCJ[] is immune from a suit for money damages under the Eleventh Amendment."); *Sowell v. TDCJ*, Civil Action No. H-20-1492, 2020 WL 2113603, at *1 (S.D. Tex. May 4, 2020) (dismissing prisoner's claim for injunctive relief against TDCJ and TDCJ Estelle Medical Department because they are immune from suit under the Eleventh Amendment).

### III. Recommendation

For the foregoing reasons, the undersigned recommends that San Miguel's "Motion (Request) for Entry of Default Judgment" (ECF No. 7) be **DENIED** and his claims against Texas Tech University Health Sciences Center be **DISMISSED WITHOUT PREJUDICE**.

### IV. Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge

that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: September 11, 2020.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE

8