UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| SAMUEL SAN MIGUEL,<br><br>Plaintiff,<br><br>v.<br><br>MARSHA MCLANE, *et al.*,<br><br>Defendants. | No. 5:20-CV-00041-H |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND**
<u>**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**</u>

In 2002, Plaintiff Samuel San Miguel was found to be a sexually violent predator under Texas law and civilly committed to a housing facility for treatment and supervision. San Miguel is currently housed at the Texas Civil Commitment Center (TCCC) in Littlefield, Texas. In this removed civil-rights action, San Miguel complains about the unlawful conditions of his commitment at TCCC. At this stage of litigation, which has been lengthy, San Miguel has two live claims remaining.[1] Proceeding pro se, he claims that Defendants Marsha McLane and Micheal Searcy denied him recommended dental treatment in violation of the Fourteenth Amendment.

The United States Magistrate Judge made findings, conclusions, and a recommendation (FCR) for disposition of these claims. Dkt. No. 134. Specifically, the Magistrate Judge recommends that the Court grant Defendants' motion for summary judgment on the following

---

[1] On March 14, 2022, Senior United States District Judge Sam R. Cummings entered a final judgment dismissing San Miguel's claims against all defendants named in this action. Dkt. No. 86. On March 18, 2024, the United States Court of Appeals for the Fifth Circuit reversed Judge Cummings's dismissal of San Miguel's claims that Defendants McLane and Searcy denied him recommended dental treatment and remanded them here for further proceedings. Dkt. Nos. 94, 95. The Fifth Circuit affirmed Judge Cummings's dismissal of all San Miguel's other claims. *Id.*

grounds: (1) Defendants are entitled to sovereign immunity under the Eleventh Amendment on San Miguel's claims for injunctive relief brought against them in their official capacities because the *Ex parte Young*[2] exception does not apply; (2) San Miguel lacks standing to challenge the denial of his dental treatment against Defendants; (3) San Miguel fails to show that Defendants were personally involved in denying him the recommended dental treatment or that they should otherwise be liable for the denial of treatment in a supervisory capacity; and (4) Defendants are entitled to qualified immunity on San Miguel's claims brought against them in their individual capacities.

San Miguel recently filed a motion seeking an extension of time to file objections to the FCR by September 10, which the court grants. Dkt. No. 137. That deadline expired, and, as of today, the Clerk has not received any objections or other pleadings from San Miguel.

The District Court has conducted an independent review of the record in this case and reviewed the Magistrate Judge's report for plain error. Finding no plain error, the Court accepts and adopts the findings, conclusions, and the recommendation of the Magistrate Judge. As a result, the Court grants Defendants McLane and Searcy's motion for summary judgment, Dkt. No. 116, and dismisses San Miguel's claims against them with prejudice.

All relief not expressly granted is denied.

The Court will enter judgment accordingly.

So ordered.

Dated September 12, 2025.

JAMES WESLEY HENDRIX
United States District Judge

---

[2] *See Ex parte Young*, 209 U.S. 123 (1908) (setting out criteria required for permitting prospective injunctive relief against properly named state-official defendants to prevent an ongoing violation of federal law).